**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-4452**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAIMON TYWAN HANNAH,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Mary G. Lewis, District Judge.  (0:24-cr-00405-MGL-2)

───────────

Submitted:  May 21, 2026                   Decided:  May 26, 2026

───────────

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaimon Tywan Hannah pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). The district court sentenced Hannah to 132 months' imprisonment and three years of supervised release. On appeal, Hannah's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no potentially meritorious grounds for appeal but questioning whether the guilty plea is valid and whether the sentence is reasonable. Hannah has not filed a pro se supplemental brief, though he has been notified of his right to do so. The Government has moved to dismiss the appeal as to all issues within the scope of the appeal waiver in Hannah's plea agreement. Hannah has filed a response to the motion to dismiss, questioning whether the determination of the issues presented in *Hunter v. United States*, No. 24-1063, will render Hannah's appeal waiver unenforceable.[*] We dismiss in part and affirm in part.

We first conclude that, with certain exceptions inapplicable here, Hannah has waived his right to appeal his sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appeal waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).

---

[*] In *Hunter v. United States*, No. 24-1063, the Supreme Court has granted certiorari to determine whether the only permissible exceptions to a general appeal waiver are for claims of ineffective assistance of counsel or that the sentence exceeds the statutory maximum; and whether an appeal waiver applies when the sentencing judge advises the defendant that he has a right to appeal and the government does not object.

2

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. *Id.* at 169. "To determine whether a defendant knowingly and voluntarily agreed to waive his appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). We conclude that Hannah knowingly and voluntarily agreed to waive his right to appeal. Moreover, the district court's statement at sentencing, while advising Hannah of the timeline for filing a notice of appeal, also explicitly advised Hannah that he had waived his right to appeal. Therefore, this statement did not affect the validity of the appeal waiver.

The waiver, however, does not preclude our review of the validity of the guilty plea pursuant to *Anders*. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). However, the district court conducted a thorough and complete Rule 11 hearing before accepting Hannah's guilty plea. *See United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (finding a guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences" (internal quotation marks omitted)). The record thus shows no plain error that could have affected Hannah's substantial rights or the fairness and integrity of the proceedings; thus, Hannah's guilty plea is valid. *See United States v. Sanya*, 774 F.3d

3

812, 815 (4th Cir. 2014) (noting that where a defendant does not move to withdraw his guilty plea, we review validity of guilty plea for plain error).

We therefore grant the Government's motion to dismiss and dismiss the appeal as to all issues falling within the scope of the broad appeal waiver in Hannah's plea agreement. In accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues that do not fall within the scope of the appeal waiver and have found none. Accordingly, we affirm the remainder of the criminal judgment.

This court requires that counsel inform Hannah, in writing, of the right to petition the Supreme Court of the United States for further review. If Hannah requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hannah. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4